# IN THE COURT OF APPEALS OF IOWA

No. 22-0235
Filed December 21, 2022

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**MALINDA SUE PRIOR,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.


     A defendant appeals her conviction for forgery in violation of Iowa Code section 715A.2(2)(a) (2020). **AFFIRMED.**


     Daniel M. Northfield, Urbandale, for appellant.

     Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


     Considered by Tabor, P.J., and Schumacher and Chichelly, JJ.

**CHICCHELLY, Judge.**

Malinda Prior appeals her conviction for forgery in violation of Iowa Code section 715A.2(2)(a) (2020).  Prior contends her conviction should be reversed for a speedy trial violation and insufficient evidence.  Finding no errors at law, we affirm her conviction.

## I.    *Background Facts and Proceedings.*

On August 16, 2020, a check bearing the accountholder names of Mark Brandes and Rachel Blocker was passed at a Kwik Star for $42.44.  Rachel Blocker's name appeared to be signed.  The check was later sent back for nonpayment.

Brandes shared a joint checking account with Blocker from January 2019 to approximately May 2020.  Blocker testified that she did not keep any of the checks from the account afterwards.  From approximately May 2020 to January 2021, Lynn Locke served as Brandes's power of attorney.  In August 2020, Locke learned that Brandes's account had a negative balance due to a check to Kwik Star purportedly written by Blocker.  Locke reported the incident to local police, who ascertained the store location and obtained surveillance video for the date of the transaction.  Brandes identified Prior from the surveillance imaging.

On October 29, 2020, the State charged Prior by trial information with one count of forgery.  On April 15, 2021, Prior waived her right to a speedy trial.  Four days later, she revoked the waiver and reasserted her right to be tried "within ninety days."  On July 19, Prior filed a motion to dismiss, alleging she was not tried within ninety days and was therefore entitled to dismissal of the charge.  A three-day jury trial commenced on July 20.  The jury convicted Prior of forgery.  The district court

sentenced Prior to a five-year term of incarceration, suspended the sentence, and placed her on probation for two to five years. Prior filed a timely appeal.

## II. Review.

"We review a district court's application of the procedural rules governing speedy trial for correction of errors at law." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017). "Statutes and rules implementing the right to a speedy trial receive 'a liberal construction, designed to effectuate [their] purpose' of protecting citizens' liberty." *Id.* (alteration in original) (citations omitted).

We review a challenge to the sufficiency of the evidence for the correction of errors at law. *State v. Huser*, 894 N.W.2d 472, 490 (Iowa 2017). If substantial evidence supports the jury's verdict, we will uphold it. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). "Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *Id.* "Evidence raising only 'suspicion, speculation, or conjecture is not substantial.'" *Huser*, 894 N.W.2d at 490 (citation omitted). However, direct and circumstantial evidence are equally probative. Iowa R. App. P. 6.904(3)(p); *see also State v. Liggins*, 524 N.W.2d 181, 186 (Iowa 1994) ("Circumstantial evidence is not inferior evidence; both direct and circumstantial evidence are equally probative.").

## III. Discussion.

Prior argues the forgery charge should have been dismissed because trial commenced ninety-one days after she reasserted her right to a speedy trial. Iowa Rule of Criminal Procedure 2.33(2)(b) provides that defendants must be brought to trial within ninety days after indictment. If that deadline passes, the indictment

must be dismissed unless good cause is shown. Iowa R. Crim. P. 2.33(2)(b). The State points to the Iowa Supreme Court order of November 10, 2020, regarding provisions for COVID-19, which extended the speedy trial deadline:

> For any case in which an indictment or information has been or is filed prior to February 1, 2021, and the *defendant is not in custody*, the ninety-day deadline in rule 2.33(2)(b) and rule 2.33(2)(c) shall be expanded to 180 days, and shall be restarted with February 1, 2021 as Day 1.

Iowa Supreme Ct. Supervisory Order, *In the Matter of Ongoing Provisions for Coronavirus/COVID-19 Impact on Court Services* ¶ 3 (Nov. 10, 2020), *available at* https://www.iowacourts.gov/collections/583/files/1243/embedDocument/. When Prior waived and then re-demanded speedy trial in April 2021, she did not jump around the February cutoff or the expanded 180-day window. Prior was not in custody, and her trial information was filed prior to February 1, 2021. Under these circumstances, the 180-day deadline set forth in the supervisory order applied. Her trial in July fell well within this deadline. Accordingly, we find no error at law in the district court's ruling and affirm on this issue.

As for the sufficiency of the evidence, Prior highlights issues with identity, motive, and a lack of nexus between the surveillance video and check written. Concerning identity, Prior contends that other individuals were in Brandes's home when he was not there and could have possibly taken the check in question. Brandes testified that Prior was an acquaintance who had been to his house several times between June and August 2020, including times when he was not present. He stated that he was in the hospital on the date of the transaction and could not have written the check. Locke and Blocker each testified that they did not write the check or otherwise authorize the transaction. Prior called Brandes

and asked him not to press charges against her. Prior also points out the fact that the video shows a person signing the alleged check with their left hand and her being left-handed does not equate to guilt. Her points are valid, but the possibility of other suspects does not preclude the jury from making a reasonable inference about her identity as the perpetrator. Moreover, Brandes testified that he recognized Prior in a video, but the investigating officer testified that he only shared some still photographs from the video and did not show anyone the surveillance video. Prior contends the photograph presented as exhibit B is too unclear to accurately identify the individual depicted. Despite the incongruency about how the evidence was viewed, Brandes identified Prior from evidence obtained from the Kwik Star surveillance camera.

Prior furthermore emphasizes the lack of motive given there were no relational issues between Brandes and herself at the time of the check's passing. Although motive is one factor the jury may consider, it is not an element of the charged crime. A lack of evidence thereof does not preclude the jury from making a reasonable inference that Prior passed the check. Prior also argues the surveillance video lacks a connection to the check in question because the store number was partially blurred out on the back of the check and there is no evidence as to what time of day the check was written. The investigating officer testified that he figured out which store the check was passed at despite the blurred number and went there to request video. There was no further testimony or inquiry made as to how the store was determined or the video procured. The video depicts an exchange where a check is written for the exact amount of the check in question.

The jury was free to disbelieve Prior's contentions regarding identity, motive, and nexus. *See State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014) (noting the fact finder is "free to reject certain evidence, and credit other evidence" (citation omitted)). As a threshold matter, however, there is sufficient evidence upon which rational fact finders could find Prior guilty beyond a reasonable doubt. Therefore, we affirm her conviction.

**AFFIRMED.**